## RUSSELL et al. v. S. & M. AMUSEMENT CO. et al.

### No. 2698.

Court of Civil Appeals of Texas. Waco.

Dec. 19, 1946.

Rehearing Denied Jan. 18, 1947.

W. N. Stokes, Jr., and J. A. Lantz, both of Dallas, for appellants.

Fred V. Meridith and W. H. Barnes, both of Terrell, for appellees.

TIREY, Justice.

Appellees filed motion to set aside the order confirming a private sale of a tract of land near Terrell in Kaufman county by receiver to Mrs. Mary C. Russell; the report of sale having been executed by the receiver on the 23rd day of January, 1946, filed with the clerk of the district court on the 24th day of January and confirmed by the court on the 25th day of January, 1946. Mrs. Russell intervened and she and the receiver sought to sustain the order confirming the sale. On trial before the court (non-jury) the order approving the report of sale was set aside and Mrs. Russell and the receiver have appealed.

Appellants' first point is: "The claimed inadequacy of price was not a proper basis for setting aside the sale;" fourth point, "the issue of solicitation of bids by the receiver;" and sixth point, "the issue of mistake, inadvertence or improvidence in the handling of the sale."

The court filed findings of fact and conclusions of law and the pertinent parts thereof material to our view of the case are substantially: That the reasonable market value of the property at the time the sale was made by the receiver to Mrs. Russell was $14,000; that the property was of such value at the time the receiver reported the sale to the court and at the time the report of sale was confirmed by the court; that no fraudulent collusions existed at any time, prior to the confirmation of sale by the court, between the receiver and Mrs. Russell; that the receiver "did not solicit bids for the sale of the property either privately, publicly, by posting or by publication," and "by reason of the failure of said receiver to so solicit bids did not receive the highest and best bids available for the sale of the land, in accordance with the order of this court"; that on the 19th day of January, 1946, E. L. Jones made a bona fide cash bid of $9,000 for the purchase of the property and that such bid was made in good faith, and that Mr. Jones was able and willing to pay such bid, and that this bid was never considered by the receiver; that the "receiver's attorney * * * did give private notice to Mrs. Mary Russell of the competitive bid that was submitted either to him as receiver's attorney, or to the receiver himself, and advised with her concerning her future bids; and that such notice was not given to any other interested competitive bidder."

We have examined the testimony adduced in this cause and we think it is ample to sustain the findings of fact of the trial court. The trial court found that the property had a reasonable market value of $14,000 at the time the sale was made and at the time the report of sale was made and confirmed by the court, and further found that the receiver "did not solicit bids for the sale of the property either privately, publicly, by posting or by publication." The court further impliedly found in effect that the purchaser, Mrs. Mary C. Russell, received an advantage over the other parties who were interested in the bidding for the property in that the attorney, who was representing the receiver, gave private notice to the purchaser of competitive bids that were submitted to him as receiver's attorney or to receiver himself and advised Mrs. Russell concerning her future bids and did not give such notice to the other interested competitive bidders. The effect of this conduct was to give Mrs. Russell an advantage over the other competitive bidders, and the court in effect impliedly found that such conduct was one of the reasons why the property did not sell for its reasonable market value. Since these findings have support in the evidence, we think they are sufficient for the court, in the exercise of its equity powers, to set aside the order of confirmation. R.C.L., Vol. 23, sec. 110, states this general rule: "As a broad general proposition, a court of equity also has jurisdiction to set aside a sale made by a receiver, either before or after confirmation * * * whenever it is made to appear that the same was entered through mistake, inadvertence, or improvidence; and the purchaser at such sale takes the property with notice that the court has power, in its discretion, to set it aside. And although the parties and the court have given the receiver the widest latitude of discretion, if the court becomes advised that, either from mistake or other cause, the receiver is disposing of the property at a sacrifice, it becomes the duty of the court to stay his hand. While mere inadequacy of consideration is not ordinarily in itself sufficient to warrant the court in setting aside a sale to a bona fide purchaser, if it appears that for some rea-

son, disclosed or undisclosed, the property has been greatly undersold and the purchaser has, even in good faith, obtained an undue advantage of the persons for whose benefit the sale was made, the court may, in its discretion, set it aside." See also 45 Amer.Jur. 309, sec. 397. After a careful study of the statement of facts, our view is that the purchaser, Mrs. Mary C. Russell, did receive an undue advantage of all the other interested parties and competitive bidders in the sale of this property by virtue of the omissions and commissions of the receiver and his attorney, and by reason thereof the trial court correctly exercised its equity powers in setting aside the order confirming the sale of the property.

Accordingly, the judgment of the trial court is affirmed.