**Billy Joe GIBSON and Floyd Morris, Appellants.**

v.

**Mrs. S. P. SMITH et al., Appellees.**

**No. 778.**

Court of Civil Appeals of Texas, Tyler.

Sept. 12, 1974.

Paxton, Whitaker & Parsons, Melvin D. Whitaker, Palestine, for appellants.

Gary B. Maddox, Houston, for appellees.

McKAY, Justice.

This is a suit in which the appellants contest the trial court's order to set aside a partition sale made by a receiver.

Appellants, Billy Joe Gibson and Floyd Morris, sought to partition 20 acres of property in Anderson County which was owned by appellants and appellees, Mrs. S. P. Smith, Tommy Stone, and James Beecher Stone. The court decreed that the property should be sold for cash at a private sale by a receiver. The receiver was ordered to take possession of the property and to offer the property for sale to the highest bidder after due notice to all parties. Upon completion of the sale, the re-

ceiver was to make a written report of the sale and return it to the court together with the payments received from the sale.

The receiver sent notice by certified mail, return receipt requested, to the attorneys for each party. The secretary for appellees' attorney, who signed for and received the notice, apparently misfiled, mistakenly destroyed or threw away the notice. Consequently, neither the appellees' attorney nor the appellees had actual notice of the partition sale, and neither appeared at the sale which occurred on August 24, 1973. The property was sold to appellants for $200 per acre.

Upon receipt of notice that the sale had been completed, appellees' attorney filed objections to the sale based on grounds that neither he nor the appellees had received prior notice. Upon receipt of a copy of the return receipt which showed the signature of his secretary, appellees' attorney filed a motion to set aside the sale.

The appellees' motion to set aside the sale was granted, and the property was resold to appellants for $350 per acre with all costs of the second sale assessed to the appellees. The next high bid at the resale was $325 per acre. At the resale, all parties who were present bid, but the record does not show who was present. The appellants excepted to the court's order to resell and gave notice of their appeal.

The question presented on appeal is whether the trial court abused its discretion by ordering a second sale when notice of the first sale had been sent by certified mail, return receipt requested, to the offices of the attorneys for both parties.

Appellants contend that all requirements of the original Order of Sale had been complied with; and, thus, the trial court abused its discretion by ordering a resale.

■ In the absence of a controlling statute, the court may direct what notice of a sale by a receiver shall be given and compliance with its order is sufficient, but failure to give notice or insufficiency of the notice given will ordinarily render the sale invalid. 75 C.J.S. Receivers § 226, pp. 861, 862. Texas has no controlling statute which directs what type of notice shall be given in a sale by a receiver.[1]

In Russell v. S. & M. Amusement Co., 198 S.W.2d 944, 945 (Tex.Civ.App., Waco, 1946, writ ref'd, n. r. e.), we find this language:

"'As a broad general proposition, a court of equity also has jurisdiction to set aside a sale made by a receiver, either before or after confirmation * * * whenever it is made to appear that the same was entered through mistake, inadvertence, or improvidence; and the purchaser at such sale takes the property with notice that the court has power, in its discretion, to set it aside. And although the parties and the court have given the receiver the widest latitude of discretion, if the court becomes advised that, either from mistake or other cause, the receiver is disposing of the property at a sacrifice, it becomes the duty of the court to stay his hand. While mere inadequacy of consideration is not ordinarily in itself sufficient to warrant the court in setting aside a sale to a bona fide purchaser, if it appears that for some reason, disclosed or undisclosed, the property has been greatly undersold and the purchaser has, even in good faith, obtained an undue advantage of the persons for whose benefit the sale was made, the court may, in its discretion, set it aside.'"

■ In the case at bar, it appears that the notice of sale was lost through mistake

---

1. Rule 647, Texas Rules of Civil Procedure, provides for publication of notice of sale of real estate under execution, order of sale or venditioni exponas; Art. 3810, Vernon's Ann. Civ.St., provides for notice of sale under deed of trust.

or inadvertence on the part of the secretary of the appellees' attorney. Consequently, the appellees received no actual notice of the sale and thus, were not present at the sale. At the first sale when the appellees were not present, the appellants purchased the land for $200 per acre. Upon resale with the appellees present, the appellants purchased the land for $350 per acre. The next high bid at the resale was $325 per acre. Thus, the property appears to have been undersold and the appellant purchasers, even in good faith, obtained an undue advantage of the appellees for whose benefit the sale was made. Applying *Russell* to the case at bar, the court in its discretion had authority to set the sale aside.

■■■ Where the question for decision on appeal is whether there was an abuse of the trial court's discretion, the appellate court is not to substitute its judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable. Landry v. Travelers Ins. Co., 458 S.W.2d 649, 651 (Tex.1970). Confirmation of a receiver's sale by the court is a matter of discretion depending upon the facts of each case, and only an abuse of discretion will be reversed on appeal. Cornelison v. First National Bank of San Angelo, 218 S.W.2d 888, 890 (Tex.Civ.App., Austin, 1949, writ ref'd, n. r. e.).

In the case at bar, the trial court held that the Preliminary Decree of Partition should be set aside and that the property should be resold. The court determined that the equitable relief sought by appellees would not prejudice the appellants, providing that the appellees pay all additional costs for the resale of the property, including receiver's fees, appellants' attorneys' fees and additional court costs.

The court, in its discretion, apparently held that the appellees were entitled to actual notice of the sale even though notice was sent to the appellees' attorney through certified mail, return receipt requested. The Order of Sale did require due notice to *all* parties. Or, the court, in its discretion, may have determined that $200 per acre was an inadequate price. Thus, the court could have coupled the inadequate price with the mistake or inadvertence on the part of the secretary of appellees' attorney and decided that equitable relief should lie. We hold that the granting of the motion to set aside the preliminary decree of partition was within the trial court's discretion.

The judgment of the trial court is affirmed.