L & M OIL COMPANY, Appellant,

v.

H. L. RICHEY, Appellee.

No. 5603.

Court of Civil Appeals of Texas, Eastland.

July 9, 1981.

Rehearing Denied July 30, 1981.

David M. Ellis, Clark, West, Keller, Butler & Ellis, Dallas, for appellant.

Don Johnson, Johnson & Jones, Coleman, William W. Bell, Brownwood, Woody Roark, Roark & Baynham, Tyler, S. Ancial Middlebrook, San Angelo, for appellee.

DICKENSON, Justice.

The issue to be decided is whether the District Judge abused his discretion by rejecting the receiver's report and ordering the receiver to convey an oil and gas lease to the highest bidder who had complied with the terms of sale advertised by the receiver.

L & M Oil Company, plaintiff, owner of an undivided interest in the lease, sued O. F. Darling and other defendants, owners of the other undivided working interests in the lease, seeking a receivership sale under Tex. R.Civ.P. 770 and a partition of the proceeds of sale. The District Judge appointed a receiver on June 23, 1980, authorizing him to sell the property "at public or private sale, to the highest bidder for cash," subject to confirmation by the court. The receiver advertised the property for sale, requiring written bids by September 23, 1980. H. L. Richey submitted the highest written bid received by that date.[1] On September 24, 1980, when the bids were announced, L & M Oil Company attempted to raise its written bid for the lease.[2] Richey objected. The receiver's report asked the Court to reject

---

1. Richey's written bid of $151,000 was received before the advertised deadline.

2. L & M's written bid of $120,001.07 was received before the advertised deadline. When the bids were announced on September 24, 1980, L & M attempted to raise its bid to $153,500 for this lease.

all bids and start over. After a nonjury hearing the District Judge rejected the receiver's report, ordered the receiver to convey this lease to Richey, and confirmed the sale. L & M appeals. We affirm.

L & M Oil Company has briefed 28 points of error. Some of them relate to a companion case[3] and will not be discussed in this opinion. Since the points of error assert that various findings of fact and conclusions of law are "not supported by the evidence" and are "contrary to the law," we have reviewed them under the test stated in *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex.1979), considering only the evidence favorable to those findings and conclusions.

As the Tyler Court said in *Gibson v. Smith*, 511 S.W.2d 327 (Tex.Civ.App.—Tyler 1974, no writ):

> Where the question for decision on appeal is whether there was an abuse of the trial court's discretion, the appellate court is not to substitute its judgment for that of the trial court. . . . Confirmation of a receiver's sale by the court is a matter of discretion depending upon the facts of each case, and only an abuse of discretion will be reversed on appeal.

See also *Cornelison v. First National Bank of San Angelo*, 218 S.W.2d 888 (Tex. Civ.App.—Austin 1949, writ ref'd n. r. e.); *Gardner v. Union Bank & Trust Co. of Fort Worth*, 176 S.W.2d 789 (Tex.Civ.App.—Fort Worth 1943, no writ). The discretion is vested in the trial court, not the receiver.

Point One argues that the trial court erred by finding that Richey is an intervenor. We disagree. As the high bidder in compliance with the advertised terms of sale, Richey had the right to intervene under Tex.R.Civ.P. 60. No motion for leave to intervene is required, and the trial court did not err in refusing L & M's plea in bar. Moreover, the fact that intervenor's pleading was entitled "Motion for Approval of Sale" rather than "Plea in Intervention" is immaterial under Tex.R.Civ.P. 71 which provides that the court shall treat the pleading as if it had been properly designated.

Point Two argues that the trial court erred by concluding that fair notice of the terms, conditions and provisions of the sale, including the date of the closing of the sale, had been given to all parties. This point is overruled. The evidence shows that the text of the newspaper advertisements was sent to L & M's attorney for his information before the advertisements were sent to the newspapers.

Point Three argues that the trial court erred in finding that the receiver advertised for "sealed" bids. Any error in this finding is harmless under Tex.R.Civ.P. 434 because the advertisements required "written" bids by September 23, 1980, and by letters in response to all inquiries resulting from the newspaper advertisements, the receiver promised to convey the lease to the highest bidder.

Point Four argues that the trial court erred in finding that the bid by Richey complied in all respects with the terms of the sale set by the receiver. We agree with the trial court that Richey's bid was the highest written bid received by the deadline and that Richey has complied with all of the terms of sale.

Point Six, challenging the trial court's finding that Richey's bid was the high bid received, is overruled because the subsequent higher bid by L & M did not comply with the terms of sale, as advertised by the receiver. Point Eight, challenging the trial court's finding that L & M's last bid was made after the time the bids were closed, is overruled because the subsequent bids by L & M were after the expiration of the time for submitting bids under the terms of sale advertised by the receiver. Point Nine, challenging the trial court's conclusion that

---

**3.** L & M Oil Company also sued Douglas Morrow and others who owned interests in an adjacent oil and gas lease. The same receiver was appointed in both cases, and the same problem developed. James G. Graham and Ralph G. Gillespie were the high bidders in that case, and we have affirmed the trial court's order as to them in a separate opinion. See *L & M Oil Company. v. Graham*, No. 5604 (Tex. Civ.App.—Eastland July 9, 1981 [not published]).

L & M's late bidding attempts were void, is immaterial because the subsequent bids by L & M were not in compliance with the advertised terms of sale.

■ Point 10 argues that the trial court erred by concluding that the receiver was contractually bound to accept the high written bid received within the time specified in the newspaper advertisements. This point is overruled. Subject only to confirmation by the trial court, the receiver's advertisement and follow-up letters obligated him to convey the lease to the highest bidder whose written bid was received before the deadline.

■ Point 12 argues that the trial court erred by concluding that the receiver was bound to convey this lease to Richey. This point is overruled because the receiver did not retain the right to reject bids, and the sale was subject only to the District Judge's discretion in deciding whether or not to confirm the sale. We have considered all other points of error relating to L & M's appeal as to the lease sold to Richey, and they are overruled.[4]

An offer made after the time specified for making written bids is ineffective. The trial court was justified in confirming the sale to the bidder whose written bid was the highest bid received by the deadline set by the receiver's advertisements. See *Morrow v. De Vitt*, 160 S.W.2d 977 (Tex.Civ. App.—Amarillo 1942, writ ref'd w. o. m.); *Odom's Transfer & Storage Co. v. Rochford*, 283 S.W.2d 101 (Tex.Civ.App.—El Paso 1955, no writ).

The judgment of the trial court is affirmed.

---

4. Points 14, 15, 17, 19, 21 and 23 challenge the trial court's conclusions of law as to the legal effect of L & M's attempt to raise its bid after the advertised deadline. Point 24 challenges the trial court's finding that Richey's bid was the high bid which complied with the advertised terms of sale. Points 26 and 28 contend that the trial court abused its discretion in rejecting the receiver's report and confirming the sale to Richey.