Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00054-CV

Rosa V. **GARCIA**,
Appellant

v.

Roberto Javier **GARCIA**,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2005-CVH-000716-C1
Honorable Alvino "Ben" Morales, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: November 11, 2009

AFFIRMED

Rosa V. Garcia appeals the trial court's order directing the sale of two tracts of real property

(the "Property"). Rosa presents four issues on appeal, contending: (1) the trial court abused its

discretion in directing the sale in contravention of the provisions of a final divorce decree; (2) the

trial court abused its discretion in ordering the sale without a receiver's report and confirmation

hearing; (3) Rosa's due process and due course of law rights were violated by the trial court's order;

and (4) the evidence is legally and factually insufficient to support the court's finding that the sale was at the best obtainable price. We affirm the trial court's order.

## BACKGROUND

Although Roberto Javier Garcia and Rosa were divorced in October of 2006, the trial court did not sign the final decree of divorce until January 25, 2008. In the decree, the trial court appointed a realtor, Vicente Segura, to advertise and sell the Property for the "best obtainable [price]."

On October 16, 2008, the parties appeared before the trial court on Rosa's Motion to Halt Illegal Proposed Sale of Property. Although the parties had bid on the Property, the Property had not been advertised for sale. During the bidding process, the parties were outbidding each other by pennies to, at most, one dollar. With his latest bid, Roberto tendered a $10,000 certified check as earnest money. Segura signed a contract to sell the Property to Roberto which was sent to the title company. After a hearing on Rosa's motion, the trial court ordered that the Property be advertised for sale to the public and instructed the parties to return for a status hearing on December 15, 2008.

At the status hearing on December 15, 2008, Segura informed the trial court that the fair market value for the Property was approximately $145,000.00. Roberto submitted an earnest money contract to purchase the Property for $203,104.00. Rosa's attorney objected and requested the opportunity to review the contract and to make a counteroffer. Roberto's attorney responded by informing the court that Roberto had made the first offer in excess of fair market value and paid earnest money three months earlier and urged the court to order the sale of the property. The following exchange then occurred:

> MS. DE LLANO: Your honor, I just want the record to be absolutely clear because I'm letting the court know what is going to happen. Mr. Segura can tell you that my

client submitted the first earnest money contract and what Mr. Pena's client did was exceeded that by a dollar. My client then did the same thing and they've gone back and forth. If the court – that's what I'm trying to make the court understand.

THE COURT: Okay. Ms. Cigarroa. I understand exactly what you're telling me now.

MS. DE LLANO: Thank you.

THE COURT: So what [sic] I'm going to give them time to do that and we're going to come back over here at a reasonable time, let's say, fifteen days from now and if she counters with a dollar, then I know exactly what I need to do and sell this property as it is. This is a game we're playing here.

MS. DE LLANO: Correct.

THE COURT: And I'm not going to play any games about a dollar, another dollar, another dollar. That's not going to happen here.

MS. DE LLANO: Thank you, Judge.

MR. PENA: I think she wants to make a substantial increase, Judge.

*****

THE COURT: Okay. There will be no more advertising. She's going to counter. If it's more money, fine. Then we'll take care of it. On the 5th, I'm going to sell the property regardless of what I hear here. Okay.

On January 5, 2009, the trial court was informed that the fair market value of the Property was $125,000.00. The trial court was further informed that Roberto's offers were accompanied by written earnest money contracts, and Roberto had deposited $10,000.00 in earnest money with the title company. The latest earnest money contract submitted by Roberto offered to purchase the Property for $203,104.00. Although Rosa stated that she was willing to pay $1,000.00 more than Roberto's offer, she had not provided an earnest money contract or deposited any earnest money. Roberto also submitted receipts evidencing that he had paid the taxes on the Property, and a letter securing financing for the purchase of the Property. Rosa's attorney then offered to purchase the

property for $204,104.00; however, Rosa's attorney admitted that Rosa had not tendered an earnest money contract in relation to her offers. Roberto's attorney amended Roberto's earnest money contract to offer to purchase the Property for $204,105.00. In response, Rosa's attorney stated that he would consult his client regarding whether she wanted to increase her offer. The trial court responded, "Well that was – today is the last day. We've been through this already Mr. Pena."

Roberto's attorney requested the trial court to order the Property to be sold to Roberto for $204,105.00. Rosa's attorney then offered one dollar more. The trial court took the matter under advisement and subsequently signed an order directing the sale of the Property to Roberto for $207,104.00, provided that Roberto closed the sale within 72 hours. In the event Roberto failed to close the sale within 72 hours, the trial court ordered that the Property be sold to Rosa for $204,104.00, provided that she closed the sale within 72 hours. If neither Roberto nor Rosa timely purchased the Property, the trial court's order stated that "the Court will decide to put the properties for sale to the public."

### BEST OBTAINABLE PRICE

In her first issue, Rosa contends the trial court abused its discretion in ordering the sale in contravention of the provision of the divorce decree ordering the sale at the best obtainable price. In her fourth issue, Rosa contends the evidence is insufficient to support the trial court's finding that $207,104.00 was the best obtainable price. We must first consider the proper standard for reviewing the trial court's order.

Confirmation of a receiver's sale is a matter for the trial court's discretion depending on the particular facts of each case, and we will reverse this decision only upon a showing that the trial court has abused its discretion. *Salaymeh v. Plaza Centro, LLC*, 258 S.W.3d 236, 240 (Tex.

App.—Houston [1st Dist.] 2008, no pet.); *Gibson v. Smith*, 511 S.W.2d 327, 329 (Tex. Civ. App.—Tyler 1974, no writ). In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.); *In re Marriage of Eilers*, 205 S.W.3d 637, 640 (Tex. App.—Waco 2006, pet. denied).

Rosa contends that the trial court's order was in contravention of the decree because Roberto's offer was not the best obtainable price. Rosa focuses on her attorney's offer of $1.00 in excess of Roberto's highest offer at the January 5, 2009 hearing. The trial court, however, heard counsel's argument regarding the "games" being played by the parties in counter-offering for one additional dollar. The trial court also was informed that Roberto had submitted an earnest money contract, deposited earnest money with the title company, and secured financing in support of his offer to purchase the Property. Moreover, the trial court increased the price Roberto was required to pay for the Property from $204,105.00, the last amount listed in the earnest money contract, to $207,104.00. Although Rosa's attorney asserted at the hearing that Rosa told him that she received a phone call from a third party who said that Segura told them the Property was not for sale and refused to show the Property to them, no evidence was offered at the hearing to support this assertion. Accordingly, the trial court did not abuse its discretion in concluding that $207,104.00 was the best "obtainable" price for the Property.

## CONFIRMATION

In her second issue, Rosa contends that the trial court abused its discretion in ordering the sale without requiring the receiver to file a report of sale and without conducting a confirmation

hearing on the report. Although the general rule requires a sale by a receiver to be confirmed, *see Salaymeh*, 258 S.W.3d at 240, an exception applies where the receiver reports the terms of the sale to the court and the court orders the sale to be made. *Yount v. Fagin*, 244 S.W.1036, 1041 (Tex. Civ. App.—Beaumont 1922, writ dism'd w.o.j.). Under those circumstances, the sale by the receiver does not need any further confirmation by the court. *Id*. Because the trial court considered the terms of the proposed sale and ordered the sale to be made on specific terms, confirmation of the sale in this case was not required.

## DUE PROCESS

In her final issue, Rosa contends her procedural due process rights were violated because she was not given the opportunity to make a higher bid. Due process requires a party to receive notice and have an opportunity to be heard. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) (noting fundamental fairness dictates that a party must be given a reasonable opportunity to be heard on the merits of his case at a meaningful time and in a meaningful manner); *Campbell v. Stucki*, 220 S.W.3d 562, 570 (Tex. App.—Tyler 2007, no pet.) (noting due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner). In this case, the trial court conducted three hearings before entering the order in question. Rosa was provided with notice and an opportunity to be heard at each of the three hearings. At the conclusion of the second hearing, the trial court stated, "I'm not going to play any games about a dollar, another dollar, another dollar. That's not going to happen here." Accordingly, Rosa was on notice that the trial court would not consider a bid of an additional dollar to be a bona fide offer to purchase the property. Given the hearings that were conducted and the notice given by the trial court on the record, Rosa's due process rights were not violated by the trial court's order.

## Conclusion

The trial court's order is affirmed.

Catherine Stone, Chief Justice